UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HALVERT SWANSON,

    Petitioner,

v.                                                          CASE NO. 6:06-cv-516-Orl-18JGG

JAMES V. CROSBY, et al.,

    Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 11). Petitioner filed a reply to the response (Doc. No. 13).

*Procedural History*

Petitioner was found guilty by a jury of one count of capital sexual battery (count one), one count of battery (count two), and one count of lewd and lascivious act upon a child (count three). He was sentenced to life in prison as to count one, time served as to count two, and a concurrent fifteen-year term of imprisonment as to count three. On direct appeal, the Fifth District Court of Appeals of Florida *per curiam* affirmed by order dated August 9, 2002. *Swanson v. State*, 823 So. 2d 281 (Fla. 5th DCA 2002). Mandate was issued on August 28, 2002.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on August 25, 2003.[1] The trial court denied the motion, and the appellate court *per curiam* affirmed on August 17, 2004. Mandate was issued on September 9, 2004.

Petitioner filed a second Rule 3.850 motion on August 26, 2004,[2] which the trial court denied. By order dated November 15, 2005, the appellate court *per curiam* affirmed, and mandate was issued on December 5, 2005.

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). The face of the document contains a stamp from the correctional facility indicating that it was provided to the facility for mailing on August 25, 2003. All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

[2] Although the motion was executed by Petitioner on August 25, 2004, the stamp on the face of the document indicates it was provided to the correctional facility for mailing on August 26, 2004.

2

    of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the Florida appellate court entered its order of affirmance on August 9, 2002. Petitioner then had ninety days, or through November 7, 2002, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13.[3] Accordingly, under § 2244(d)(1)(A), the judgment of conviction became final on November 7, 2002, and Petitioner had through November 7, 2003, absent any tolling, to file a federal habeas corpus

---

[3]Rule 13 provides as follows:

  The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired).

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Assuming that Petitioner's Rule 3.850 motion was properly filed, the time was tolled for a total of two years and 111 days (for one year and 10 days during the pendency of the first Rule 3.850 proceedings and for one year and 101 days during the pendency of the second Rule 3.850 proceedings). Accordingly, Petitioner had through February 26, 2006 (2 years and 111 days from November 7, 2003), to file his federal habeas corpus petition. Petitioner's April 11, 2006, habeas corpus petition was not timely filed and must be denied.

Petitioner contends that the December 5, 2005, issuance of mandate regarding his second Rule 3.850 motion did not restart the one year clock. According to Petitioner, he filed a motion for rehearing on November 30, 2005, which has not been resolved and serves to toll the one year period. Petitioner admits that he filed the motion for rehearing in the wrong court. *See* Doc. No. 13 at 8. Since the motion was not properly filed, the proceedings associated with that motion do not toll the one-year period. *See Edwards v. Moore*, No. 98-3225 (11th Cir. filed February 16, 2001) (habeas petition filed in wrong county was not "properly filed" and did not trigger the tolling provision of § 2244(d)).

The Court is also aware that on or about February 8, 2006, Petitioner filed a federal habeas corpus petition (Case No. 6:06-cv-168-Orl-18KRS), which was dismissed without

4

prejudice on March 16, 2006. However, Petitioner's prior federal habeas corpus petition did not toll the one year period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that § 2244(d)(2) does not toll the limitations period during the pendency of a prior federal habeas corpus petition).

Petitioner contends that § 2244(d)(1)(D) applies because he "has certainly diligently pursued his right to appeal since his conviction." (Doc. No. 13 at 12.) The Court finds that this argument is clearly without merit. In his habeas corpus petition, Petitioner raises four claims of ineffective assistance of counsel: (1) failure to object to double jeopardy violations; (2) failure to advise Petitioner of a plea offer; (3) failure to object to a juror's misconduct; and (4) failure to safeguard Petitioner's right to a fair and impartial trial. The factual predicates underlying these claims could have been discovered with due diligence, at the latest, by the resolution of Petitioner's appeal. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he time commences when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner."). Section 2244(d)(1)(D) is not triggered merely because Petitioner did not understand the legal significance of the facts until later. *Id.* ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). Section 2244(d)(1)(D) is inapplicable to this case.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 4 day of December, 2006.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sa 12/1
Halvert Swanson
Counsel of Record

6